UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JEFFREY WALTERS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 16-163-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CSX TRANSPORTATON, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Jeffrey Walters and Defendant CSX Transportation, Inc. ("CSX"). [Record Nos. 52; 56] CSX has also moved to exclude expert testimony. [Record No. 55] CSX argues that it is entitled to summary judgment because Walters has failed to produce evidence that demonstrates that CSX was negligent and because Walters has failed to produce evidence that he suffered any damage caused, in whole or in part, by the negligence of CSX. [Record No. 56-1, p. 4] CSX contends in its motion to exclude that the Court cannot rely on plaintiff's medical expert's testimony because Walters did not disclose to his expert any opinion that considers his decision to pursue surgery. [Record No. 55]

Conversely, Walters contends that he is entitled to partial summary judgment because CSX breached its duty under the Federal Employers' Liability Act ("FELA"). For the reasons outlined below, the Court will deny Walters motion for partial summary judgment and CSX's motion to exclude expert testimony, and grant CSX's motion for summary judgment.

**I.**

Walters has been employed by CSX as a conductor since 2005. [Record No. 52-1] He was called to report to work in the late evening on August 9, 2013. [Record No. 54-1, p. 84, lines 5-16] He reported to the Queensgate Yard, located in Cincinnati, Ohio, to receive his assignment. [*Id*. at p.84, lines 17-21] Once at the Queensgate Yard, Walters and crewmate Charlie Jones received their assignment to re-crew a train, which was located near a signal called Catawba, in Falmouth, Kentucky. [Record No. 53-1, p. 9, lines 19-24] Walters and Jones were transported to the train location in a vehicle owned and operated by Professional Transportation Inc. ("PTI"), hired by CSX to taxi its workers to various locations. [*Id*.; Record No. 52-2] Approaching the rural drop-off location, the vehicle was required to traverse a single-lane wooden bridge and then make a sharp left turn onto a road that follows the train tracks. [Record No. 53-1, p. 9-10, lines 25-2; Record No. 54-1, p. 92, lines 17-19] This left turn led to a road which blended in with the front yard of a nearby house and with the gravel along the side of the road. [Record No. 53-1, p. 21, lines 4-10] The driver of the vehicle was unable to see the turn in time. The vehicle ran over an embankment when the driver finally executed the turn. [*Id*. at p. 10, lines 1-7] As a result of this accident, the plaintiff claims to have suffered injuries and brought this suit against CSX seeking damages. [Record No. 1]

**II.**

Summary judgment is appropriate when there are no genuine disputes regarding any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a

reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986); *see Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008).

A party moving for summary judgment bears the burden of demonstrating conclusively that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). Once the moving party has met his burden of production, the nonmoving party must come forward with significant probative evidence to defeat a properly supported motion for summary judgment. *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III.

Congress enacted FELA to provide a compensation scheme in response to concern over the number and severity of railroad employees' injuries. *Norfolk Southern Ry. Co. v. Sorrell*, 549 U.S. 158, 165 (2007). "Unlike a typical workers' compensation scheme, which provides relief without regard to fault, Section 1 of FELA provides a statutory cause of action sounding in negligence." *Id*.

FELA provides, in part,

> Every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier ... ."

45 U.S.C. § 51.

To present a *prima facie* case under FELA, a plaintiff must prove: (i) he was injured within the scope of his employment; (ii) his employment was in furtherance of his employer's interstate transportation business; (iii) his employer was negligent; and (iv) his employer's negligence played some part in causing the injury for which he seeks compensation under FELA. *See Green v. River Terminal Ry. Co.*, 763 F.2d 805, 808 (6th Cir. 1985). Federal common law controls what constitutes negligence under FELA. *Urie v. Thompson*, 337 U.S. 163, 174 (1949).

To establish that the employer was negligent, the plaintiff must "'prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" *Adams v. CSX Transportation, Inc.*, 899 F.2d 536, 539 (6th Cir. 1990) (quoting *Robert v. Consolidated Rail Corp.*, 832 F.2d 3, 6 (1st Cir. 1987)). FELA relaxes a plaintiff's standard of proof regarding causation. *See Rogers v. Missouri Pacific R.R. Co.*, 352 U.S. 500, 506 (1957) (stating that under FELA, the "test of a jury case is whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury."); *see also Van Gorder v. Grand Trunk Western R.R., Inc.*, 509 F.3d 265, 269 (6th Cir. 2007). However, FELA does not affect a plaintiff's "obligation to prove that [his employer] was in fact negligent." *Van Gorder*, 509 F.3d at 269 (citing *Perkins v. American Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 598-99 (6th Cir. 2001)).

While railroads have a duty under FELA to provide its employees with a reasonable safe workplace, FELA "'does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injures

occur.'" *Consolidated Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994) (quoting *Ellis v. Union Pacific R. Co.*, 329 U.S. 649, 653 (1947)). "A railroad breaches its duty to its employees when it fails to use ordinary care under the circumstances or fails to do what a reasonably prudent person would have done under the circumstances to make the working environment safe." *Van Gorder*, 509 F.3d at 269.

Walters' FELA claim is predicated upon the alleged negligence of PTI, purported agents of CSX.[1] Specifically, Walters contends that "failing to maintain proper control of a vehicle, failing to obey the appropriate traffic laws and failing to remain on the road while driving is negligent." [Record No. 68, p. 68]

To survive summary judgment, there must be specific facts that show there is genuine issue for trial; Walters cannot rely on his bare allegations that negligence occurred. *See Chao*, 285 F.3d at 424. While it is a fact that the vehicle failed to remain on the roadway and an accident occurred, Walters does not rely on any substantive probative evidence to show that the actions of the driver were negligent. Instead, he relies on the outcome the driver's actions, the vehicle leaving the roadway, to establish negligence.

The deposition testimony of both Walters and Jones paint a clear picture of the driver operating the vehicle in a reasonable, appropriate, and careful manner. For instance, Walters testified that "nothing caught my attention about the driver . . . . There wasn't nothing [sic] that would alarm me to think something was getting ready to happen." [Record No. 54-1, p. 143-44, lines 20-1] In response to being asked if the driver was distracted in any way before the accident, Walters stated he "never noticed anything the driver did that would, you know,

---

[1] CSX does not contest that FELA imposes a non-delegable duty on it to provide a reasonably safe place to work to its employees. [Record No. 66, p. 5]

alert me to any problems at all existing or going on." [*Id*. at p. 96, lines 3-8] He further stated that the driver was not diving in an excessive speed [*Id.* at p. 96, lines 9-12], and if he would have believed the driver was being unsafe, he would have told him to stop the vehicle. [*Id*. at p. 142, lines 1-6] Jones was asked during his deposition if he witnessed any behavior by the driver that was particularly careless, whether it was his driving, distractions, or anything else. In response, Jones stated "[n]o. He did fine up to that point." [Record No. 53-1, p. 16, lines 14-19] He further testified that the driver was moving at a slow speed while looking for the turnoff that blended in with the front yard and gravel adjacent to the paved road. [*Id*. at p. 18, lines 5-15; p. 21, lines 4-10]

Walters argues, both in his response in opposition to CSX's motion for summary judgment and his reply to CSX's response in opposition to his motion for summary judgment, that Jones' deposition testimony demonstrates that Jones did not witness the driver acting carelessly up to the point of the collision, but when he finally saw the turn the driver "was too far gone to make a turn onto it." [*Id*. at p. 20, lines 11-16] However, it is this very argument that shows Walters has not come forward with any evidence of negligence. He is relying on the outcome of the driver's actions (i.e., the vehicle ending up over the embankment) to show negligence, rather than the driver's actions in operating the vehicle, which according to Jones and Walters were not inappropriate or out of the ordinary. No evidence has been presented that would suggest the outcome was a product of driver negligence.

Walters also argues that the driver was negligent by failing to obey appropriate traffic laws. He contends that the driver violated K.R.S. § 189.290, which states "the operator of any vehicle upon a highway shall operate the vehicle in a careful manner, with regard for the safety and convenience of pedestrians and other vehicles upon the highway." Walters then goes on

to argue that "[t]he PTI driver failed to operate the transport vehicle in a careful manner when he failed to steer the vehicle so that the vehicle would not leave the roadway." [Record No. 52, p. 10] But once again, he relies on the outcome of the driver's actions, instead of the actions themselves. The evidence offered indicates that the driver was driving slowly and not behaving in a distracted or careless manner when the accident occurred. No evidence has been put forwarded that shows the driver was acting carelessly.

Finally, Walters contends that the PTI accident/incident report form (presumably prepared by an employee of PTI) is evidence of negligence. He argues that, because the form lists the accident type as "loss of control," this is evidence and even admission of negligence. [Record No. 52, p.9] However, Walters provides no evidence regarding how the form is prepared, who prepared it, under what situations it was prepared, or what available options are in the accident type category. Simply put, he has supplied no authority or evidence supporting his argument in which he now attempts to conflate the entry of "loss of control" on a form as evidence, let alone an admission, of negligence.

The evidence produced during discovery and relied upon by Walters does not contain sufficient evidence to preserve a genuine issue of fact material to an element of his claim, specifically, that CSX was negligent. In the absence of such evidence, summary judgment for CSX is appropriate. And because Walters has failed to present a *prima facie* case under FELA, analysis of the defendant's motion to exclude is unnecessary.[2]

---

[2] Further, CSX has taken the position that its motion to exclude is moot because Walters has chosen not to pursue surgical options.

**IV.**

Based on the forgoing, it is hereby

**ORDERED** as follows:

1. Plaintiff Jeffrey Walters' Motion for Partial Summary Judgment [Record No. 52] is **DENIED**.

2. Defendant CSX Transportation, Inc.'s, Motion for Summary Judgment [Record No. 56] is **GRANTED**.

3. Defendant's Motion to Exclude Expert Testimony [Record No. 55] is **DENIED** as moot.

4. Plaintiff's claims against the defendant are **DISMISSED**, with prejudice, in their entirety.

5. A corresponding Judgment will be entered this date.

This 17th day of November, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge